ARTHUR M. S. MEGQUIER *vs.* JAMES DEWEAVER.

HAROLD A. MEGQUIER, AN INFANT WHO SUES THIS ACTION BY ARTHUR M. S. MECQUIER, HIS FATHER AND NEXT FRIEND,

*vs.*

JAMES DEWEAVER.

Aroostook.    Opinion, July 23, 1942.

*George B. Barnes*, for the plaintiffs.

*Nathan H. Solman,*

*Archibald & Archibald,*

*Cook, Hutchinson, Pierce & Connell*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J. There are before us here two actions, one brought by a minor, Harold A. Megquier, through his father as next friend, the other by the father to recover for loss of services of his son and for expenses incurred for medical and surgical treatment, hospitalization and nursing. The declaration in each case charges the defendant with an assault on the boy which resulted in injuries.

The defendant in September, 1940, when the assault is alleged to have taken place, was Superintendent of Schools of Weston and certain nearby towns. The minor child was a pupil in the Webster School situated in Weston. The boy had had some difficulty with his teacher, Mrs. Gillis, and the assault is alleged to have taken place while the boy, Mrs. Gillis, and the defendant were together in a room in the schoolhouse apparently discussing this trouble.

The evidence is sharply conflicting. Particularly is this true of the testimony of the boy on the one hand, and of the defendant and Mrs. Gillis on the other. The boy says that when he did not raise his head when requested to do so, the defendant forcibly forced his head back over a seat causing injury to the muscles of his neck. Both the defendant and Mrs. Gillis deny that any force was used. To sift the truth from contradictory evidence in a case of this kind requires an impartial approach and discriminating judgment on the part

of a jury. Especially is it important that they should be left free from any suggestion by court or counsel which would lead them to substitute sympathy or prejudice for an impartial consideration of the testimony.

There are before us a number of exceptions, some to rulings on evidence noted during the course of the trial, others to portions of the charge of the presiding justice. The bill calls our attention to some obvious errors. We do not regard it as necessary to discuss these in detail for the cumulative effect of all of them was in our opinion seriously prejudicial to the proper consideration by the jury of the defendant's side of the case. When it is apparent from a review of all the record that a party has not had that impartial trial to which under the law he is entitled, we have not hesitated to sustain a motion for a new trial. *Pierce* v. *Rodliff,* 95 Me., 346, 50 A., 32; *State* v. *Wright,* 128 Me., 404, 148 A., 141; *Springer* v. *Barnes,* 137 Me., 17, 14 A. (2d), 503. See also *Ritchie* v. *Perry,* 129 Me., 440, 444, 152 A., 621.

*Motions sustained.*
*New trials granted.*