WINFIELD S. SAWYER vs. J. M. ARNOLD SHOE COMPANY.

Penobscot.    Opinion June 1, 1897.

*Negligence.  Elevator.  Evidence.  Exceptions.*

In an action to recover for personal injuries by a defective elevator, the alleged defect being the manner in which one of the dogs used to hold up the elevator gate was attached to the gate, it is competent to ask an expert in mechanical devices how the dog might be fastened so that there would be no danger of its moving except in the natural or intended way.

It is proper for an expert to describe the different ways that the device can be secured so as to be safe, because the jury are thereby enabled to pass upon the question whether the defendant used ordinary care in the particular respect complained of.

To a requested instruction to the jury by the defendant, containing a general principle of law, applicable to the defendant's duty to furnish suitable appliances, the presiding justice said: " That is so; but what would be due care in driving a dull horse would not be in driving a locomotive."

*Held*; that this qualification to the requested instruction is not open to objection. It is simply an illustrative way of saying that ordinary care in any case depends upon the circumstances of the case; that what may be ordinary care under some circumstances would be gross negligence under others.

The defendant requested this instruction: " However strongly the jury may be convinced that there may be better or less dangerous appliances, or machinery, it should not say that the use of appliances or machinery commonly adopted by those in the same business is a negligent use for which liability should be declared or imposed."

In answer, the presiding justice said to the jury: "Not if they (the jury) believe at the same time that it was reasonably sufficient themselves. The common use will not of course prove its usefulness. That is evidence of its usefulness, but not conclusive." Whereupon the defendant asked the court: " Would it not be due care to use as is ordinarily used by persons in the same line of business?" To which the court replied: " Yes, but that must be reasonably safe and sound; or he should use due care to have it safe and sound." The defendant then requested this instruction: " That he does use reasonable care when he uses the same machinery that is in use in the same sort of business." To which the court replied: " Though the jury should find that it was actually defective? I should not say to the jury that if they found that machinery actually defective and insufficient, it would be any better because others used it."

*Held*; that these rulings are unobjectionable upon the point involved. Ordinary care is such care as persons of ordinary prudence exercise under like circumstances. It does not depend upon custom.

Evidence was admitted during the trial that the defendant held an accident policy upon the elevator. This evidence was admitted only for the purpose of showing any admission of the defendant as to how and when the accident happened, and whether the defendant was using ordinary care or not. In his charge to the jury the presiding justice said: "Now it is contended by the plaintiff that they (referring to the defendant) exercised no care; that they entrusted to insurance. And there I think it admissible that it should appear that there was an insurance, or that they trusted to one rather than upon any investigation, inquiry or experiment, or conduct otherwise of their own."

*Held;* that this instruction was erroneous. The burden was upon the plaintiff to prove the negligence of the defendant, and because the defendant had taken the precaution of protecting itself against accidents, this fact should not influence the jury in determining the question of negligence.

Juries should not be allowed, in cases of this kind, to take into consideration the fact that an employer is insured against accidents. It would do more harm than good, and would increase the already strong tendency of juries to be influenced in cases of personal injuries, especially where a corporation is defendant, by sympathy and prejudice.

## On Motion and Exceptions by Defendant.

This was an action to recover damages, sustained by the plaintiff, on account of the alleged negligence of the defendant company in not providing suitable machinery and appliances in and about a freight elevator in the defendant's store, and under their management and control, whereby the said plaintiff, while engaged in the employ of the defendant company, and while passing on to said elevator in the performance of his duty, sustained severe injuries in and to one of his legs. The jury returned a verdict for the plaintiff for $771.00.

The case is stated in the opinion.

*P. H. Gillin and C. J. Hutchings,* for plaintiff.

*F. A. Wilson and C. F. Woodard,* for defendant.

Sitting:   Emery, Foster, Whitehouse, Wiswell, Savage, JJ.

Wiswell, J.   This action was to recover for personal injuries sustained by the plaintiff, and caused, it is alleged, by a defective elevator of the defendant, which the plaintiff had occasion to use

in the course of his employment. The alleged defect was the manner in which one of the dogs used in holding up the elevator gate was attached to the gate. Various exceptions are alleged in regard to the admission of testimony, and as to the instructions to the jury, which we will consider in detail.

I. An expert upon mechanical devices, called by the plaintiff, was allowed to answer, against the defendant's objection, this question : " How might that dog have been fastened on so there would be no danger of the dog moving except in the natural or intended way?" We think that the question was properly allowed. The issue for the jury to pass upon was whether the defendant had used ordinary care, in view of the particular circumstances of the situation, in providing a reasonably safe elevator for the plaintiff to use in the course of his employment. It did not by any means follow that the manner of securing the appliance, which the witness might describe in his answer, was the only proper way in which it could be done, or that it was a practical or necessary way, or that the defendant was negligent in not having adopted that method. But to enable the jury to pass upon the question of whether the defendant had used ordinary care in the particular respect complained of, it was certainly proper for a qualified person to describe the way, or the different ways, that the device could have been secured so as to have been safe.

II. Counsel for defendant requested this instruction : " An employer performs his duty when he furnishes appliances of ordinary character and reasonable safety, and reasonable safety means safe according to the usages, habits and ordinary risks of the business. No man is held to a higher degree of care than the fair average of men in the same line of business conducted under substantially similar circumstances." In answer to which the justice presiding said: " That is so ; but what would be due care in driving a dull horse would not be in driving a locomotive." The defendant excepts to the qualification. We think that there is nothing objectionable in this remark. It was simply an illustrative way of saying that ordinary care in any case depended upon the

circumstances of the case; that what might be ordinary care under some circumstances would be gross negligence under others, a proposition too clear and well settled to need comment.

III.   Counsel for the defendant requested this instruction: "However strongly the jury may be convinced that there may be better or less dangerous appliances, or machinery, it should not say that the use of appliances or machinery commonly adopted by those in the same business is a negligent use for which liability should be declared or imposed." In answer to which the justice presiding said to the jury: "Not if they (the jury) believe at the same time that it was reasonably sufficient themselves. . . . . The common use will not of course prove its usefulness. That is evidence of its usefulness, but not conclusive." Whereupon defendant's counsel asked the court: "Would it not be due care to use such as is ordinarily used by persons in the same line of business?" To which the court replied: "Yes, but that must be reasonably safe and sound; or he should use due care to have it reasonably safe and sound." Defendant's counsel then requested this instruction: "That he does use reasonable care when he uses the same sort of machinery that is in use in the same sort of business." To which the court replied: "Though the jury should find that it was actually defective? I should not say to the jury that if they found that machinery actually defective and insufficient, it would be any better because others used it."

We think the defendant has no cause of complaint in regard to any of the rulings of the justice presiding upon the point involved in these requests. Ordinary care is such care as persons of ordinary prudence would have exercised under like circumstances. It does not depend upon custom. "It would be no excuse for a want of ordinary care that carelessness was universal about the matter involved, or at the place of the accident, or in the business generally." *Mayhew* v. *Sullivan Mining Co.*, 76 Maine, 100.

IV.   The defendant corporation was insured against accident. This fact incidentally appeared in the case because of a statement in writing from the defendant to the insurance company, which, it

was claimed, contained certain admissions of the defendant, and was admitted only for the purpose of showing any admission of the defendant as to how and when the accident happened, and whether the defendant was using ordinary care or not. In his charge to the jury the justice presiding said: "Now it is contended by the plaintiff that they (referring to the defendant corporation) exercised no care, that they entrusted to the insurance. And there I think it admissible that it should appear that there was an insurance, or that they trusted to one rather than upon any investigation, inquiry, or experiment, or conduct otherwise of their own."

We think that this was error; that while the fact that the defendant was insured against accidents should have no legitimate bearing, it might very naturally have an improper influence upon the jury in passing upon the one question involved, whether or not the defendant had failed to exercise that degree of care which the law required of it. The burden of proving that the defendant had failed in this respect was upon the plaintiff, and we do not think that because the defendant had taken the precaution to be insured against accident, that it should have any influence with the jury in determining that question. It is true that the fact of insurance might have the effect of lessening the defendant's reason or motive for being careful. But the question was not, as to how much or how little motive the defendant had for being careful, but whether or not it had in fact exercised due and reasonable care.

We think that to allow juries, in cases of this kind, to take into consideration the fact that an employer was insured against accidents, would do more harm than good, and would increase the already strong tendency of juries to be influenced, in cases of personal injury, especially where a corporation is defendant, by sympathy and prejudice.

The only case which has been called to our attention, or that we have noticed, which at all touches this question, is that of *Anderson* v. *Duckworth*, 162 Mass. 251, in which the defendants were insured against accidents, and that fact appeared in evidence because of a conversation between the plaintiff and one of the defendants, in which, it was claimed, that there was an admission of liability and

a reference made to the fact that the defendants were insured against accident. At the trial the jury was instructed that the fact of insurance had nothing to do with the duty of the defendants to the plaintiff or their liability to him. In the opinion of the court it is said: "And we think that it was competent for the court, in the exercise of its discretion respecting the conduct of the trial, to admit the conversation, with a caution to the jury that the fact of insurance was not to be taken as an admission by the defendants."

It is the opinion of the court, therefore, that upon this point, the exceptions must be sustained.

*Exceptions sustained.*