PETER GOODIE *vs.* HENRY E. PRICE.

Penobscot.    Opinion October 19, 1925.

*Where the defendant is insured, the disclosure of such fact, in defense, as a matter of law, is immaterial, and where the court properly instructs the jury to disregard the evidence of such fact, the effect of the influence that might arise therefrom, is removed.*

In the instant case an examination of the evidence does not disclose a verdict that calls for the intervention of the court.

The fact that the defendant was insured would do more harm than good.

On motion for new trial by defendant.    An action to recover damages for an injury to a heifer resulting from the alleged negligent operation of an automobile.    The heifer while being driven with other cows across the highway from the pasture to the plaintiff's barn, was struck by a car driven by the defendant's son, whose agency is admitted.    A leg of the heifer was broken and she had to be killed. A verdict for $63.00 was rendered by the jury and defendant filed a general motion for a new trial.    Motion overruled.

The case appears in the opinion.

*A. L. Blanchard*, for plaintiff.

*George E. Thompson and Ross St. Germain*, for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ., SPEAR, A. R. J.

SPEAR, J.    This is an action for the recovery of damages for an injury to a heifer, resulting from the alleged negligent operation of an automobile.    The heifer, with other cows, was passing across the highway from the pasture to the plaintiff's barn, when struck by a car driven by the defendant's son, whose agency is admitted.    The heifer's leg was broken and she had to be killed.    The verdict was for the plaintiff in the sum of $63.00.

The testimony, while conflicting, presented a pure question of fact, and, as has been said so many times, was peculiarly within the

province of the jury to decide. Moreover, a careful examination of the evidence does not reveal a verdict that warrants the intervention of the court.

But the defendant goes further and contends, even though the verdict might be permitted to stand upon the evidence pertaining to the accident and the manner in which it happened that, nevertheless, the case was prejudiced against the defendant by the alleged improper conduct of the plaintiff's attorney, in deliberately pursuing a course of cross-examination of the defendant's son, for the purpose of disclosing the fact that an insurance company was defending the cause. Therefore, it is incumbent upon the court in the present case to consider the contention of the defendant in this regard. The court cannot avoid the conclusion from the testimony that the plaintiff's attorney in pressing the cross-examination which was calculated to disclose the presence of an insurance company. deliberately transgressed the bounds of legal ethics in his persistent effort to accomplish that end.

As a matter of law, however, the disclosure of an insurance company is immaterial and should be excluded for that reason, if for no other. While the appearance of such disclosure has "no legitimate bearing" upon the rights of the parties, nevertheless, as a matter of fact, our court has held that "to allow juries, in cases of this kind, to take into consideration the fact that an employer was insured against accident, would do more harm than good." *Sawyer* v. *Shoe Co.*, 90 Maine, 369.

In *McCann* v. *Twitchell*, 116 Maine, 490, the court does not go so far as to say that the appearance of evidence disclosing insurance is error. The language in regard to such disclosure is this: "Assuming though not deciding that it was error for the plaintiff to testify that the defendant . . . . said that he was protected by a liability insurance company."

From these, and other authorities, however, it seems that, whenever the appearance of evidence, whether directly admitted or creeping in by stealth, discloses the presence of an insurance company, it must be regarded as having a prejudicial effect upon the minds of jury sufficient, at least, if not removed by the instructions of the court to warrant a new trial. The justice in the present case, on his own motion, instructed the jury with such force and clarity as to the duty of the jury to absolutely disregard the objectionable evi-

dence that we are convinced that the jury, if possessed of average intelligence and integrity, could not have failed to comprehend his instructions and to have acted upon them. This phase of the case falls clearly within the doctrine in *Sawyer* v. *Shoe Company* and *McCann* v. *Twitchell*, supra.

While the damages are large it does not seem to be within the legitimate province of the Law Court to use the paring knife on a verdict of $63.00 rendered upon the deliberate judgment of a jury which in the end is the only tribunal known to the law to determine questions of damage. We are of the opinion, therefore, that the verdict should stand.

*Motion overruled.*