ELIZABETH BEAULIEU *vs.* HERMENGILDE TREMBLAY.

JOSEPH BEAULIEU *vs.* SAME.

Androscoggin.     Opinion January 29, 1931.

52

*L. J. Brann,*
*P. A. Isaacson,* for plaintiffs.
*F. A. Morey,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J. These actions of negligence to recover for per-
sonal injuries received by the plaintiff Elizabeth Beaulieu and for
the resulting damages to her husband resulted in verdicts for the
plaintiffs. The cases were tried together below and come to this
court on motions and exceptions.

MOTIONS:

A reading of the evidence convinces the court that the jury
were warranted in finding that, as the plaintiff, Elizabeth Beaulieu,
on February 24, 1930, meeting an acquaintance, Mrs. Graham,
stopped on the sidewalk of Main Street in Lewiston in front of the
Bauer Building, she was struck from behind by wooden blocks
thrown against her by the impact of a steel beam, swung around
in the street, under the direction of the defendant's foreman.

The beam, fifty-four feet long and weighing more than five tons,
lay close to and parallel to the sidewalk, with one end held up by
blockings and the other down on the street. Without warning to the
women, the defendant's foreman, one Blanchette, ordered the driver
of a truck, belonging to W. E. Cloutier and Co. but then hired by
the defendant, to pull the beam around. A cable had been run from
the truck to the end of the beam held up by the blockings, and when
the truck started, the lower end of the beam swung towards and
over the sidewalk knocking some blocking, lying alongside, against
the plaintiff's feet or legs. She was thrown backwards down on the
blocks with her companion on top of her. The nature and extent of
her injuries will be considered later.

The plaintiff, Elizabeth Beaulieu, was at the time of her injuries
exercising her rights as a traveler upon a public highway. Her
stop upon the sidewalk did not change her status. *Silverman* v.
*Usen*, 128 Me., 349. Assuming that the defendant's servants were
using the highway lawfully, and the contrary does not appear, the
duty rested upon them to so conduct their master's work that no
lack of due care and caution on their part caused injury to the
plaintiff.

Common sense ánd common knowledge of the elementary laws of physics would have warned a reasonably prudent man that the traction applied by the truck to the steam beam, as it was blocked up, might turn the beam a's upon a pivot. And with knowledge on the part of the defendant's foreman of the presence of the women on the sidewalk and of the blocking just inside the lower end of the beam, which is admitted, we think the jury were warranted in the conclusion that a reasonably prudent man would have anticipated the results effected. A warning would have sent the women out of the danger zone. A barrier would have barred them from it. Delay until they passed on would have prevented the accident.

Directing and procuring the turn of the beam towards the sidewalk, under the circumstances, was clearly negligence on the part of the foreman, for which the defendant is chargeable. It is no defense that the driver of the truck participated in the turn of the beam. The evidence is sufficient to justify a finding that the driver was working under the specific directions and control of the foreman, Blanchette, and was temporarily at least the defendant's servant. *Pease* v. *Gardner*, 113 Me., 264; *Wilbur* v. *Construction Co.*, 109 Me., 521.

There is no convincing proof that Mrs. Beaulieu was guilty of contributory negligence. It does not appear that she knew the beam was to be moved until the blocking hit her. She stood back to the street engaged in conversation. Her user of the street was lawful. The verdict can not be disturbed on the ground that, as a matter of law, she failed to exercise due care.

The damages awarded Elizabeth Beaulieu by the jury, however, are clearly excessive. Accepting the reading of X-ray photographs as showing a slight fracture of the left transverse process of the fifth lumbar vertebra and the opinion of an attending physician that a slight hernia exists in the region of the scar of an earlier operation, a just compensation for these injuries and all complications involved does not justify the award below to the full amount of the *ad damnum* of the writ. Sufficient reasons for this error, however, appear in the record.

The plaintiff was allowed to introduce evidence tending to show that, almost immediately after her accident, she developed a severe

cold which caused an abscess in her right ear and permanent impairment of her hearing. If, as the plaintiff says, her cold and its unfortunate results is to be attributed to her perspiring freely while walking home from the scene of her accident with her coat unbuttoned, no causal connection between this disability and the tort of the defendant's servants appear. The inclusion of compensation for this plaintiff's losses from her cold is indicated by her verdict.

The fact that the defendant was insured also appears in the plaintiff's case, and the amount of the damage award may well be charged in part to its prejudicial influence. The recent discussion by this Court, in *Ritchie* v. *Perry*, 129 Me., 440, of the prejudicial effect of such evidence and the consideration to be given it under a general motion needs no repetition. The application of the rule of that case to the verdict here rendered, emphasizes the necessity for the rule.

In the action of Joseph Beaulieu for loss of his wife's services and consortium, and for expenses incurred as a result of her injuries, the verdict rendered involves the same erroneous considerations and prejudicial influences which dominated his wife's action. Our conclusions as to the defendant's liability, already stated, determine this plaintiff's right of recovery. But, upon the record, a part of his expenses and much of his wife's incapacity appear to have been due to her cold and the resulting abscess and loss of hearing of the ear. That element of damage, as also the fact of the defendant's insurance against liability, must be removed from consideration and another determination of just compensation for this defendant's losses must be made.

The single exception reserved in each case is directed to the refusal of the presiding Justice to order a mistrial upon the introduction of evidence of the fact that the defendant was insured. This exception can not be sustained. The discretionary power of the presiding Justice to attempt to correct the error in his charge to the jury and not order a mistrial does not appear to have been abused. *Ritchie* v. *Perry*, supra.

Upon this record, this court is unable to determine with exactness the amount of damages which justly and properly should be

recovered by these plaintiffs. The elements, improperly considered at the trial below, can not be clearly segregated from proper items of loss. Upon a rehearing of damages on a correct basis and free from prejudice, a more just result can be effected.

The verdicts below appearing to be sound upon the question of liability, in each case a new trial on the question of damages only is granted.

*So ordered.*