CONSTANCE M. POLAND *vs.* ANNE DUNBAR.

HELEN COLLINS *vs.* ANNE DUNBAR.

FRANCES POLAND *vs.* ANNE DUNBAR.

Oxford.        Opinion November 18, 1931.

*Peter MacDonald,*
*Arthur J. Henry,*
*George Hutchins,* for plaintiffs.
*Arthur Beliveau,*
*Fred H. Lancaster,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

Dunn, J.    These three cases were tried jointly.

The jury has found that the plaintiffs, while riding as guests of the defendant, in her automobile, sustained personal injuries, under circumstances entitling them to damages.

The cases are presented on exceptions and general motions.

The first exception goes to the introduction, over objection by the defendant, of evidence tending indirectly to prove that the defendant was insured against liability from the operation of her car.

On cross-examination, Helen Collins, one of the plaintiffs, identified her signature to a written statement, which counsel, when putting in the defense, introduced into the evidence without objection.

The statement recites that the defendant drove her automobile in a careful manner, at a moderate rate of speed, and that the witness thought that the defendant was not at fault for the accident.

For aught to the contrary, the statement had been freely made, and accurately written down. By whom it was written, there was no suggestion.

On the evidence of that statement, and of a similar one by the plaintiff Frances Poland, which latter statement was also introduced in defense, the case for the defendant was rested.

Counsel for the plaintiffs now recalled Helen Collins to the witness stand.

The transcript of the evidence and proceedings, so far as pertinent, is as follows:

"By Mr. Hutchins.

"Q. After the statement was made and signed, did you then learn who this man represented?

"A. I did.

"Q. And whom did he represent?

"Mr. Beliveau: I object, Your Honor.

"The Court: On what ground?

"Mr. Beliveau: I don't think it is material.

"(Conference at bench)

"The Court: Plaintiff's attorney stated the purpose of his question was to disclose that the man in question was a representative of the insurance company which carried insurance on

the car in question. The attorney for the defense objected to the question on the ground that its purpose wasn't a proper one, and inadmissible. Admitted; exception allowed.

"(Question read)

"A. The insurance company."

The objected evidence was but hearsay.

Since the evidence was not incident to proper proof, and was without probative value as respected any legitimate issue, its injection, without necessity or occasion, appears to have been deliberate and wilful, to inform the jury that an insurance company was interested. The reference to the insurer may have accomplished further purpose, and created a prejudice against the defendant.

The introduction of the evidence constituted reversible error. *Ritchie v. Perry*, 129 Me., 440; *Skillin v. Skillin*, 130 Me., 223.

Exception must be sustained.

Other exceptions saved on the trial, and exceptions to refusal, at the close of the evidence, to direct verdicts for the defendant, need not be considered, nor need the motions for new trials.

The reason is that the sustaining of the first exception sends the cases back to be tried again.

> *First exception, that to the*
> *introduction of prejudicial*
> *hearsay, sustained.*