AGNES DESCHAINE
*vs.*
LEONARD P. DESCHAINE

Kennebec.   Opinion, April 14, 1958.

*Jerome G. Daviau,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, JJ. DUBORD, J., did not sit. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

WILLIAMSON, C. J.   This is an action by a mother against her son for personal injuries arising from an automobile accident. The mother was a passenger in a car driven by the son. The jury found for the defendant. The case is before us on a motion for new trial on the ground that liability insurance was improperly introduced into the case by defendant's counsel in his argument to the jury.

A motion for new trial on the usual grounds understandably was not argued by the plaintiff and is considered abandoned. Apart from issues arising from defendant's argument, the case presented a typical jury question.

The defendant was proceeding in traffic on a main highway behind the Plouff car. The road was slippery and it was raining or sleeting. Liability turned on whether defendant was negligent in failing to stop his car in time to avoid striking the rear of the Plouff car. The defendant testified in substance that Plouff started to pass a car ahead and suddenly turned back into the defendant's lane. This fact did not appear in statements by the defendant shortly after the accident to the investigating police officer.

It is sufficient to say the evidence was conflicting, and the issue of whether the defendant acted as a reasonably prudent person under the circumstances was for the jury to decide. The case ended with the verdict for the defendant unless the special ground of error requires a new trial.

Insurance appeared in the case no less than three times. First, on cross-examination by plaintiff's counsel, the defendant testified he did not tell the police officer about the Plouff car attempting to pass a car ahead. The record reads:

"Q    Did you tell anybody else?

A    I told my insuring man.

Q    Now, did you - -

Mr. Leddy:   (counsel for defendant)  Just a minute.  Your Honor - -

(Bench Conference followed by Conference in Chambers)

(Defendant's counsel addressed to the Court:

A motion for a mistrial.  Motion denied.  Exception noted for Defendant.)

THE COURT:  I will instruct the jury now and shall instruct them later that you will disregard entirely the statement made by the last witness, who is the defendant himself. You will disregard his last statement."

Second, in argument defendant's counsel said, to adopt his recollection, "This defendant has nothing to lose, no matter which way this case goes . . ." Plaintiff's counsel objected and at his request a record was made of the remainder of the argument. He made, however, no request for any action by the court, nor did he make a motion for mistrial.

At a later hearing to establish the facts surrounding the incident, defendant's counsel said:

"It is my recollection that during the course of my argument to the jury in this case, I had been talking to the jury along the lines of their right to appraise a witness, the witness' testimony, with respect to that witness' interest in the outcome of a case. That part of my argument, which is allegedly offensive, followed this general subject, and I also said, after saying in effect that part which is claimed to be offensive, 'I think you know what I mean.' "

In argument before us counsel for the defendant, with commendable candor, stated that he meant insurance. Third, the presiding justice, with great care, and with the complete approval of counsel for both parties, instructed the jury in his charge to disregard insurance. The justice said, in part:

> "Agnes Deschaine is not suing any insurance company. She is suing her son, Leonard Deschaine. Whether or not he has any insurance means absolutely nothing. Again I say to you that I am reposing my confidence in you because I know you are men and women of sound judgment and that you will decide this case between Agnes Deschaine and Leonard Deschaine purely and simply upon the evidence you have heard in this case and upon nothing else."

We have then before us a run-of-the-mill accident case with the unusual feature of insurance brought into the case in defendant's argument. The rule governing exclusion of insurance is plain. Insurance has no bearing on the issues in a negligence action and is prejudicial. Whether the fact enters the case through witnesses on examination by counsel for either side, or in argument, and whether it is introduced purposely and wilfully or inadvertently, is of no great importance if the evil to be prevented is present. The rule of exclusion is equally applicable to plaintiff and defendant.

> "It (evidence of insurance) is evidence entirely irrelevant to the issues in this case, and there is as much impropriety in its introduction by a defendant as by a plaintiff." *Skillin* v. *Skillin,* 130 Me. 223, 225, 154 A. 570.

In *Albison et al.* v. *Robbins & White,* 151 Me. 114, 116 A. (2nd) 608, a blasting case, we recently reaffirmed the rule. There the plaintiff sought unsuccessfully to introduce statements by the defendant's superintendent,

> ". . to the effect that the defendant was covered by liability insurance and that there was no cause for

worry on the part of the plaintiffs and that he (the superintendent) would continue to use the same charges, because the insurance company would pay for any damage caused by the explosions."

We said, at p. 124:

"The Maine Court, however, has several times considered the admissibility of similar evidence and has uniformly held that statements relative to the fact that the defendant was protected by liability insurance were not proper. See reasons stated in *Sawyer* v. *Shoe Company*, 90 Me. 369 (38 A. 333); *Richie* v. *Perry*, 129 Me. 440, (152 A. 621); *Skillin* v. *Skillin*, 130 Me. 223 (154 A. 570)."

Other illustrative cases are: *Beaudoin* v. *Mahaney, Inc.*, 131 Me. 118, 159 A. 567; *Beaulieu* v. *Tremblay*, 130 Me. 51, 153 A. 353; *Trumpfeller* v. *Crandall*, 130 Me. 279, 155 A. 646; *Poland* v. *Dunbar*, 130 Me. 447, 157 A. 381; *Goodie* v. *Price*, 125 Me. 36, 130 A. 512; *McCann* v. *Twitchell*, 116 Me. 490, 102 A. 740.

Defendant's counsel gained no right or privilege to bring insurance into his argument from the "my insuring man" answer of defendant on cross examination. No door was opened to the defendant or his counsel thereby. The evidence had been stricken from the record and the jury instructed to disregard it. The presiding justice found no harm or prejudice in the incident sufficient to require removal of the case from the jury, otherwise he would have granted the motion for mistrial. Relief from the claimed error in denying the motion for mistrial was available to defendant only in this court upon the exception to the ruling, and not by self-help in bringing insurance again into the case in argument or otherwise. In brief, the defendant gained no right on his part to inject insurance into the case from what had taken place prior to his argument.

The defendant's case is apparently based on the view that defendant may show his own interest in the outcome of the case by introducing evidence of insurance coverage. The argument seems to be that insurance makes the son's evidence of his due care more worthy of belief. In other words, he ought to be believed if he denies liability to his own mother when he is insured.

The reasoning of the defendant in our view is unsound. It leads logically to a removal of all prohibitions on the introduction of insurance. In the case before us, we have noted there was not a shred of evidence of insurance in the record when defendant's counsel made his argument, and for this reason alone the argument would have been objectionable.

If argument of this nature is proper, it follows evidence of insurance is admissible. Could the purpose be limited to credibility of the insured? We think not.

If the defendant may introduce insurance to bolster his credibility, the plaintiff may do likewise in attack. If insurance is admissible, so also must be the fact of no insurance, or the extent of coverage. Suppose A sues X (insured) and Y (not insured). On defendant's theory Y may show X is insured and that Y is not insured. Further, it may be that A is insured and that an insurance company is the real plaintiff in interst.

The reasons for excluding reference to poverty or wealth of parties are equally applicable in the case of insurance. In *Mizula and Cherepowitch* v. *Sawyer,* 130 Me. 428, 157 A. 239, an automobile accident case, the court said, at p. 430:

> "The special motion presents a peculiar situation. It appears that counsel for Sawyer, in closing the case to the jury, dwelt on her age and limited financial ability. Just exactly what he said is not agreed upon, but very plainly his argument was irrelevant, improper and prejudicial.

"References to the wealth or poverty of parties, unless the issues involved make such references admissible, may constitute reversible error."

We leave the rule as it has existed since at least 1897; that is to say, insurance in negligence cases is immaterial, prejudicial, and not admissible. *Sawyer* v. *Shoe Co., supra.* The rule obviously applies with equal force to arguments of counsel.

The motion, however, must be overruled. The plaintiff did not take action at the time of the offending argument necessary to bring his motion forward. There is no indication in the record that the plaintiff requested, expected, or indeed desired the presiding justice to take any action or to intervene in any manner. There was for example no request that the jury be then instructed to disregard the argument, or motion for mistrial. The offending argument was stopped and there the incident ended with no dissatisfaction on the part of the plaintiff, so far as the record shows.

The language in *Mizula and Cherepowitch* v. *Sawyer et al., supra,* at p. 432, is here applicable:

"The rule is well settled. If counsel in addressing the jury exceed the limits of legitimate argument, it is the duty of opposing counsel to object at the time, so that the presiding Justice may set the matter right, and instruct the jury with reference thereto. If the Justice neglects or declines, after objection, to interfere, redress may be sought by a bill of exceptions. If the offending counsel, after being required to desist or retract refuses to do so, the remedy is by a motion for a new trial. So, if the remarks are of such a character that even the intervention of the Justice is not deemed to have removed the prejudice and cured the evil, the remedy is by motion. But in any event, objection must be made at the time; if not so taken, it is considered as waived. Knowlton v. Ross et al, 114 Me., 19."

The plaintiff preferred to await the outcome of the case without request for action by the presiding justice. He gave the court no reason to correct what he now claims after verdict against him was an error prejudicial to his case. *McGuffie* v. *Hooper*, 122 Me. 118, 119 A. 111. His complaint comes too late.

The entry will be

*Motion overruled.*