Raymond R. ST. PIERRE

v.

Theresa HOUDE.

Supreme Judicial Court of Maine.

Oct. 14, 1970.

John A. Platz and John D. Griffin, Lewiston, for plaintiff.

John G. Marshall, Lewiston, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

Plaintiff's action for recovery of damages suffered in an automobile accident resulted in a jury verdict of $5,000. Liability was admitted and trial was on damages only.

In the course of his argument to the jury, counsel for the defendant stated:

"Now, I say this to you, and I believe this is correct, that Mrs. Houde is liable. *She will have to pay the damages out of her own pocket,* and that is proper, but it is damages that are properly chargeable to this case." (Emphasis ours)

Plaintiff's attorney then interrupted the argument and entered his objection. Colloquy ensued in the absence of the jury in the course of which plaintiff's counsel contended the statement was not the truth and was improper argument suggestive to the jury that defendant was not insured. It was not disputed that defendant was in fact covered by liability insurance. The presiding Justice, weighing the alternative methods by which the prejudicial effect of the statement might be corrected, first concluded that any attempted instruction to the jury would be inadequate. He then offered to permit defendant's counsel to retract the statement in further argument to the jury. This counsel declined to do. Thereupon the presiding Justice ruled that the plaintiff might elect either to have a mistrial or to state the true fact to the jury. This ruling is challenged on appeal.

Plaintiff's attorney elected not to request a mistrial but to undertake correction of the misstatement in his concluding argument to the jury. In the course of his statement to the jury, plaintiff's counsel said:

"And although the law is very clear in this state, the precedent and the practice before this bar, that it matters not from what source funds are obtained to pay a judgment that is awarded, although that is the practice and the law, you will recall full well that only some ten minutes ago, or so, Mr. Marshall stood before this bar and addressed this very jury, and he said to you substantially and in effect, as best I can quote him, that any judgment which you render, and a judgment you must render against his client, in the case in point, that any judgment you render must be paid for out of the pocket of the defendant. You will remember his words. * * * And now I am authorized, with the approval of the presiding justice here, to say to you here and now that the statement that Mr. Marshall made to you, which I have just quoted, is not true in fact."

An objection was then noted by defendant's counsel. Plaintiff's counsel then continued:

"So my last, concluding statement to you is, members of the panel, that I have just made the statement to you that the judgment which you will render, will not be taken out of the pocket of the defendant."

Defendant's counsel in the absence of the jury immediately moved for a mistrial. The presiding Justice, deeming that the defendant's counsel had opened the door, denied the motion. This ruling is the object of the defendant's second point of appeal.

The plaintiff had special damages of $364, lost no wages and had no permanent injuries. As her third point of appeal, defendant asserts that a verdict of $5,000 six months after the accident was excessive and must have been the product of prejudice engendered by the trial incidents above described.

■ The rule has long been established that in cases where the wealth or poverty of a party is not a proper issue in the case, references by counsel to these matters constitute improper argument. The impropriety of mentioning insurance or the lack of it in such cases has its origin in that rule. The guidelines were made crystal clear in the case of Deschaine v. Deschaine (1958) 153 Me. 401, 406, 140 A.2d 746, 748, wherein we said:

"The reasons for excluding reference to poverty or wealth of parties are equally applicable in the case of insurance. In Mizula and Cherepowitch v. Sawyer, 130 Me. 428, at page 430, 157 A. 239, at page 239, an automobile accident case, the Court said: 'The special motion presents a peculiar situation. It appears that counsel for Sawyer, in closing the case to the jury, dwelt on her age and limited financial ability. Just exactly what he said is not agreed upon, but very plainly his argument was irrelevant, improper,

and prejudicial. References to the wealth or poverty of parties, unless the issues involved make such references admissible, may constitue reversible error.'

We leave the rule as it has existed since at least 1897; that is to say, insurance in negligence cases is immaterial, prejudicial and not admissible. Sawyer v. J. M. Arnold Shoe Co., supra. [90 Me. 369, 38 A. 333] The rule obviously applies with equal force to arguments of counsel."

We add only that words used by counsel which by clear implication suggest the presence or absence of insurance, even though the word itself may not be used, can be violative of the rule and constitute improper argument. Such was the case here. Plaintiff's counsel did not sleep upon his rights as was the case in Patterson v. Rossignol (Me.1968) 245 A.2d 852. He moved promptly by way of objection and requested some appropriate relief from prejudice. It thus became the duty of the presiding Justice, in the exercise of a sound discretion, to determine the prejudicial effect of the argument and what corrective measures might be taken.

■ Several courses of conduct are open to consideration in such circumstances, all of which were weighed by the presiding Justice here. He may conclude that a retraction by the counsel whose argument has created the problem may suffice. A counsel who has, perhaps by inadvertence, misstated a fact will often welcome the opportunity to select the words by means of which the misstatement is corrected. The trial court may conclude that an appropriate instruction to the jury will or will not effectively remove the risk of prejudice. He is in a peculiarly advantageous position to gauge the impact of the offending language. He has heard the tone and inflection of counsel—he has seen the visible reaction of the jury, if any, as the words were spoken—in short, he has the benefit of sensory reactions which cannot be transmitted through printed pages to the reviewing court. In the instant case we find no abuse of discretion on the part of the Justice below either when he concluded that an instruction to the jury would not adequately protect the rights of the plaintiff, or when he offered defendant's counsel an opportunity to retract.

The presiding Justice may in such a case permit opposing counsel to offer counter argument or make a corrective statement if there is good reason to believe that such a method is best adapted to assure a fair and just verdict. See *Mizula* and Cherepowitch v. Sawyer, supra. He may on request of the aggrieved party, or upon his own motion if the circumstances so require, order a mistrial.

In the instant case the Justice below considered all possible alternatives. He took into account the fact that the door should not be opened to defendants to gain successive mistrials which could effectively prevent plaintiffs from securing final judgments. He had no request from plaintiff's counsel that a mistrial be granted. Under the peculiar and difficult circumstances then existing, we are satisfied that it was proper for the Justice below to conclude that he should not order a mistrial *sua sponte* but should permit plaintiff's counsel to include a correction with respect to the misstated fact in his argument to the jury. So also, there was no error in denying defendant's motion. Counsel for the defendant had unfortunately opened the door and, having declined to make the necessary correction himself, could not be heard to complain if it was then fairly made by his opponent, so worded as to stay within limits imposed by the Court.

■ As a further ground of appeal, the defendant contends that the evidence will not support the verdict which therefore must be set aside as grossly excessive. We recognize that this issue must be treated entirely apart from issues related to the improper argument of defense counsel. The Court cannot sustain an excessive verdict merely in order to express condemna-

tion of the conduct of counsel in the trial of a case no matter how vigorously the Court may disapprove of that conduct. Accordingly, we have examined the evidence, viewing it in the light most favorable to the plaintiff, to ascertain whether the verdict exceeds permissible limits.

At this point we are confronted by a partial and what seems to us inadequate record. If we consider such factors as special damages in the amount of only $364, no hospitalization, no lost wages and no permanent injuries, the verdict appears to be clearly excessive. On the other hand, we glean from the briefs that there was other evidence, omitted from the record on appeal, as for example the entire testimony of the plaintiff himself, which might have cast further light on the extent and continuation of plaintiff's pain and suffering. We are not furnished any explanation as to why the appellee did not designate additional portions of the record under M.R.C.P., Rule 74 if they were essential to a full review, but under the exceptional circumstances of this case we are unwilling to risk possible injustice to the plaintiff by ordering remittitur.

We conclude that as the case is now postured the verdict cannot stand. We further conclude that fairness and justice will be best assured by a new jury trial in an atmosphere freed of possible sources of prejudice which, in spite of the best efforts of the presiding Justice, may have affected the verdict. Since liability is admitted, there will be no occasion to try that issue.

Appeal sustained. New trial ordered on damages only.

POMEROY, J., did not sit.

WILLIAMSON, C. J., sat at argument but retired before the decision was rendered.