277 A.2d 727 (1971)
Terri S. ALLEN, Pro Ami, and Frank R. Allen
v.
Elizabeth POMROY, et al.
Supreme Judicial Court of Maine.
June 1, 1971.
Pierce, Atwood, Scribner, Allen & McKusick, by Ralph I. Lancaster, Jr., Peter L. Murray, Portland, for plaintiffs.
Verrill, Dana, Philbrick, Putnam & Williamson, by Roger A. Putnam, Charles L. Cragin, III, Portland, for Amicus Curiae.
Richardson, Hildreth, Tyler & Troubh, by Harrison L. Richardson, Robert L. Hazard, Portland, for Elizabeth Pomroy and Liberty Mutual Ins. Co.
Mahoney, Desmond, Robinson & Mahoney, by Lawrence P. Mahoney, Portland, for Durwood Worster and Maine Bonding and Casualty Co.
Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.
ARCHIBALD, Justice.
This case comes before us on appeal from a decision of a Justice of the Superior Court ordering a dismissal of the action against Defendants Maine Bonding and Casualty Company and Liberty Mutual Insurance Company.
The Plaintiffs claim damages resulting from an automobile accident caused by the concurrent negligence of Defendants Elizabeth Pomroy and Durwood Worster, each of them having automobile liability insurance, then in force, and issued, respectively, by the two Defendant Insurance Companies. The Plaintiffs' complaint, dated January 7, 1970, joins both Companies as Parties Defendant and seeks a judgment for the damages sustained against all Defendants. Each Company filed identical motions[1] asking that the complaint be dismissed *728 as to it, and each motion was granted.
The only issue before us is this: May parties injured by insured motorists maintain a civil action seeking damages for personal injuries directly against the automobile liability insurers of the negligent motorists and join the insurers as parties defendant in an action against the insureds?
Each insurance policy, the form of which had been filed with and approved by the Maine Insurance Commissioner, contained essentially similar clauses agreeing to pay, on behalf of the insured, "all sums which the insured shall become obligated to pay as damages * * * sustained by any person, * * * arising out of the ownership, maintenance or use * * *" of an insured automobile. Each policy here in issue contains a clause precluding action against the company until "the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial, or by written agreement of the insured, the claimant and the company." Likewise, each policy contains "non-joinder" clauses, both of which, although not in identical language, prohibit any person from joining the company as a party, or codefendant, in any action against the insured to "determine the insured's liability."
The "Reach and Apply" statute, 24-A M.R.S.A. § 2904, effective January 1, 1970, is premised upon the recovery of a "final judgment against any other person for any loss or damage" (emphasis added), the last paragraph of which expressly limits the right to bring a civil action in these words:
"No civil action shall be brought against an insurer to reach and apply such insurance money until 20 days have elapsed from the time of the rendition of the final judgment against the judgment debtors." (Emphasis added)
The history of this statute is briefly summarized in Camire v. Commercial Ins. Co., 160 Me. 112 at 119, 198 A.2d 168, but it is clear that a statute substantially the same as 24-A M.R.S.A. § 2904 governed Maine procedure for nearly forty-four years. After the Massachusetts "parent statute" had been construed by Lorando v. Gethro (1917) 228 Mass. 181, 117 N.E. 185, our Legislature, ten years later, enacted P.L.1927, Ch. 146, Sec. 3, which specifically provided: "No bill in equity shall be brought against an insurance company to reach and apply said insurance money until twenty days shall have elapsed from the time of the rendition of final judgment against the judgment debtor." In the Legislative revisions since 1927 there has been no deviation from this mandate. R.S.1930, Ch. 60, Sec. 179; R.S.1944, Ch. 56, Sec. 262; R.S.1954, Ch. 60, Sec. 303; 24 M.R.S.A. § 425 (1964).
In the actions before us it is clear that this limiting statute is being challenged. Here, the Plaintiffs have sought, by a civil action, to recover judgments against the Insurance Companies at least simultaneously with the rendition of judgments against the insured Defendants. In short, these actions attempt to "reach" the insurance company in advance so that, if and when liability is established, the insurance funds can be "applied" to such judgments as may be obtained.
We cannot agree with this procedure in view of the long established Maine practice. The right to the application of insurance proceeds to a judgment has been, in Maine, equitable in nature. Until the adoption of our Civil Rules, it was necessary to bring a "Bill in Equity" for this purpose, the term "civil action" being substituted by P.L.1961, Sec. 203, to bring the *729 act into procedural conformity with the newly adopted Civil Rules. The adoption of these Rules altered only the procedure and modified prior modes of practice, but did not change the right to grant all remedies which had been traditionally considered equitable in nature. The change affected only the form of the remedy, not the substantive right to claim the relief requested.
The Defendant Insurers place great reliance upon this "Reach and Apply" statute and urge that it is an absolute prohibition against the maintenance of this action against them. In arguing against this the Plaintiffs assert that this statute was not intended by the Legislature to preclude a direct action against an insurance company. It is said that the statute is applicable only where the injured party elects not to press a direct claim against a company and to pursue his claim against only the insured. The distinction which is urged upon us is thus stated:
"And the limitation upon the remedy therein expressly granted does not extend to a common law action brought against the insurer as obligor by a third-party beneficiary. That limitation only applies to a `civil action * * * brought * * * to reach and apply such insurance money' (24 M.R.S.A. § 2904Emphasis supplied)."
Our analysis of the "Reach and Apply" statute does not lead us to this conclusion. The only remedy recognized in Maine in this type of proceeding has been by an equitable process and were we to adopt the Plaintiffs' theory we would be compelled to proceed in defiance of the legislative mandate and completely circumvent the intent and purpose of this well entrenched procedure. In reaching this result we do not close our eyes to the basic purpose for making insurance companies direct defendants in cases of this nature. It is obvious that unless the Plaintiffs can establish liability on the part of the insured Defendants, they have no claim against the Defendant Insurers and it is also obvious that if the Plaintiffs do recover judgments against the insured Defendants, any judgment they might recover against the Defendant Insurers would be necessarily limited to the amount of insurance in force. It, therefore, becomes obvious that the end result to be reached in the procedures adopted by the Plaintiffs can only be to have the insurance proceeds applied to the judgments which might be obtained against the insured Defendants. This procedure, therefore, contravenes 24-A M.R.S.A. § 2904.
The Plaintiffs have cited Shingleton v. Bussey (Fla.1969) 223 So.2d 713 in support of the argument that they are third party beneficiaries and have the right to proceed directly against the Defendant Insurers. The case held that, under Florida law, a direct cause of action inures to a third party beneficiary against an insurer in motor vehicle liability insurance coverage cases "as a product of the prevailing public policy of Florida". The Court there held that the "no joinder" clause violated the constitutional right of the Plaintiff to a full, complete and adequate remedy at law, and that, unless the Legislature expressly gave the insurer the substantive right to insert "no joinder" clauses, there was no basis in law for them to assume such right, in view of the Florida Rules of Civil Procedure, Rule 1.210, 30 F.S.A.[2] It should be notd that this opinion does not comment on any Florida statute, or procedure, comparable to the Maine "Reach and Apply" statute.
M.R.C.P. Rule 17(a) does not contain the emphasized clause (see Note 2) found *730 in the Florida Rule but does provide: "Every action may be prosecuted in the name of the real party in interest. * * *" In the Commentary on this Rule the Reporter, speaking about the problem created by subrogated insurance companies, described Maine policy against informing a jury of the presence of insurance by such expressions as these: "prejudicial effect"; "improper"; "may result in a mistrial"; "the strong Maine policy against * * *."
In 1897, Sawyer v. Arnold Shoe Co., 90 Me. 369, 38 A. 333, the public policy of Maine was thus expressed: "We think that to allow juries * * * to take into consideration the fact that an employer was insured against accident, would do more harm than good, and would increase the already strong tendencies of juries to be influenced, in cases of personal injury, especially where a corporation is defendant, by sympathy and prejudice." In Ritchie v. Perry (1930), 129 Me. 440, 152 A. 621, Chief Justice Pattangall characterized evidence that an individual defendant was insured as "not only immaterial but prejudicial". In 1955, citing both Sawyer, supra, and Ritchie, supra, Chief Justice Fellows, in Albison v. White, 151 Me. 114 at 124, 116 A.2d 608, described this evidence as "not proper". In 1958, Chief Justice Williamson, speaking for the Court, after stating, "Insurance has no bearing on the issues in a negligence action and is prejudicial," concluded in these words: "We leave the rule as it has existed since at least 1897. * * *" Deschaine v. Deschaine, 153 Me. 401, 140 A.2d 746. In 1964, five years after the Maine Rules of Civil Procedure were promulgated by the Maine Supreme Judicial Court, pursuant to Legislative authority, the Court again reiterated the rule that, in negligence cases, insurance is "immaterial, prejudicial and not admissible." Carver v. Lavigne (1964) 160 Me. 414, 205 A.2d 159. Finally, on October 14, 1970, in St. Pierre v. Houde, Me., 269 A.2d 538, the rule enunciated in Sawyer, supra, and Deschaine, supra, was repeated with unqualified approval.
We do likewise and accept the obvious truism that Rule 17(a), supra, being procedural only, cannot make material and relevant that which, by the long established public policy in Maine, has been deemed immaterial and irrelevant as a matter of substantive law. We, therefore, do not construe the Rule as bestowing on the Plaintiffs the status of third party beneficiaries of the insurance policies issued by the Defendant Insurers, for the purpose of these actions.
We do not understand how a negligence action can be maintained against the Defendant Insurers when, in the trial of these actions, it would be necessary to establish by testimony that these Defendants were liability insurers of Elizabeth Pomroy and Durwood Worster while, at the same time, being bound by the rule that such evidence is "immaterial and not admissible". It, therefore, becomes apparent that it is proscribed practice in Maine to bring a direct action against an insurance company in a negligence case prior to final judgment, the only remedy being found in the "Reach and Apply" statute. This statute, as we have said, cannot be utilized until twenty days have elapsed from the rendition of the final judgment against the insured, and the actions here are clearly in violation of our interpretation of the established Maine procedure.
The Plaintiffs urge upon us that Rule 1.210 of the Florida Rules of Civil Procedure is functionally similar to M.R.C.P. Rule 20(a). We do not construe this Rule as authority for a joinder of the Defendant Insureds with their respective Insurers in a direct negligence action. The Rule provides:
"[A]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." (Emphasis added)
*731 We have already indicated that we do not view Defendant Insurers as appropriate Defendants under M.R.C.P. Rule 17(a), and have indicated that the rendition of a final judgment for the Plaintiffs against the insured Defendants is a condition precedent to the Plaintiffs' right to institute a civil action against the Defendant Insurers. In such action we note that 24-A M.R.S.A. § 2904 allows the use of at least six specific defenses[3] by each of the liability insurers. These possible defenses do not include questions of either fact or law necessarily "common to all defendants". In other words, Rule 20(a) is premised on the assumption that all rights to relief may be consummated in one action and, in our view of the issues presented here, the Plaintiffs did not have a right of action against the Defendant Insurers when they brought the negligence action against the Insured Defendants.
We conclude that the Justice presiding was correct in dismissing the actions.
The entry will be
Appeals denied.
NOTES
[1] "1. The Complaint fails to state a claim upon which relief can be granted.

"2. The Plaintiffs, Terri S. Allen, and Frank R. Allen, individually and in his representative capacity are not, as a matter of law, Third-Party beneficiary, under any alleged contract of insurance issued by the Defendant (Insurance) Company.
"3. As a matter of law, (Defendant Insurance Company) is not `a real party in interest' within the provisions of Rule 17(a) M.R.C.P."
[2] "Rule 1.210. Parties (a) Party Generally. Every action may be prosecuted in the name of the real party in interest. * * * All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. * * *" (Emphasis added)
[3] "Sec. 2904. Judgment creditor may have insurance; exceptions

"Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings. None of the provisions of this paragraph and section 2903 shall apply:
"1. Motor vehicle operated illegally or by one under age. When the insured automobile, motor vehicle or truck is being operated by any person contrary to law as to age or by any person under the age of 16 years where no statute restricts the age; or
"2. Motor vehicle used in race contest. When such automobile, motor vehicle or trust (sic) is being used in any race or speed contest; or
"3. Motor vehicle used for towing a trailer. When such automobile, motor vehicle or truck is being used for towing or propelling a trailer unless such privilege is indorsed on the policy or such trailer is also insured by the insurer; or
"4. Liability assumed. In the case of any liability assumed by the insured for others; or
"5. Liability under workmen's compensation. In the case of any liability under any workmen's compensation agreement, plan or law; or
"6. Fraud or collusion. When there is fraud or collusion between the judgment creditor and the insured."
(Note: All of Section 2904 quoted except last paragraph, which has been previously quoted.)