**Jeannine ROSSIGNOL, Executrix**

v.

**Raymond NOEL et al.**

Supreme Judicial Court of Maine.

April 4, 1972.

Jerome G. Daviau, Waterville, for plaintiff.

Clyde L. Wheeler, Morton A. Brody, Waterville, Robert W. O'Connor, Augusta, Burton G. Shiro, Waterville, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

PER CURIAM:

A Justice of the Superior Court dismissed this action on the Defendant's motion to dismiss because, the Justice found,

---

*"Plaintiff's complaint fails to show a cause of action for which relief can be granted."*

Appeal was seasonably taken.

We deny the appeal.

The pleadings disclosed that George Rossignol was a passenger in an automobile owned and driven by Defendant Noel on October 25, 1968. At that time the Noel vehicle was in collision with a vehicle owned by Herbert Corrigan and driven by his minor son, Bert Corrigan.

The Defendants, United States Fidelity & Guaranty Company and The Home Insurance Company, were insurance companies having liability insurance coverage, the one on Raymond Noel and the other on Herbert Corrigan.

George Rossignol received serious personal injuries in the accident.

On April 23, 1969, suit was brought in his behalf to recover damages for personal injury against both Corrigan and Noel. This action is now pending in the Superior Court in Kennebec County.

George Rossignol died August 26th. The complaint now before us recites that the cause of his death was *"acute Myocardial infarct."*

At the time of his death the action brought in his behalf for personal injuries had not been prosecuted to judgment nor had it been settled.

This action, brought by George Rossignol's Executrix, purports to have been brought pursuant to 18 M.R.S.A. § 2553 (Conscious Suffering Preceding Death.) The complaint alleges the insurance company was under a duty to settle the case instituted by George Rossignol against Corrigan and Noel; that they were aware that he was a man whose income was limited, that he was unable to work, and that their purpose of withholding money rightfully belonging to him was for the purpose of gain on the part of the two insurance companies at the expense of the decedent, *"so that whatever sum rightfully belonged to the decedent, the herein insurance company defendant could invest at interest and/or other gain, thereby profiting from their breach of duties aforesaid."*

The complaint further alleges that the Defendant insurance companies knew or should have known that the decedent was a person with *"a coronary profile"* and despite this knowledge they failed to settle this case and thus worried him into having an *"acute Myocardial infarct."*

The duty to which the Plaintiff refers is allegedly bottomed on 24 M.R.S.A. § 424, now 24–A M.R.S.A. § 2903.

A claim concerning the effect of the statute not unlike that here asserted was discussed and decided adversely to the plaintiff in Allen v. Pomroy, Me., 277 A.2d 727 (1971).

Suffice it to say, we find the Plaintiff's claim astounding. ·

No case in point sustaining the Plaintiff's position here taken has been called to our attention nor has our research uncovered any. We would be much more surprised if such case existed than we are that none has been found.

Since the Plaintiff's major premise, i. e., that there was a statutorily created duty to settle the case failed, it necessarily follows his entire case fails.

The motion to dismiss for failure to state a cause of action for which relief can be granted was properly allowed.

Appeal denied.