**Nasrollah JAMSHIDI**

v.

**Havener F. BOWDEN, Jr.**

Supreme Judicial Court of Maine.

Dec. 8, 1976.

ries allegedly caused by defendant's negligent operation of a motor vehicle. A jury found plaintiff entitled to damages in the amount of $12,000.00.

Before us is defendant's appeal from the judgment entered on the verdict as well as the decision of the presiding Justice denying defendant's motion for a new trial.

We deny the appeal.

Defendant's first claim is that the presiding Justice committed error in denying defendant's motion for a mistrial made after defendant, replying to a question asked by counsel for the plaintiff during cross-examination, mentioned that an insurance company was involved in the case. Finding that the defendant's reference to insurance was inadvertent and innocent, the presiding Justice denied the motion for a mistrial but accompanied his ruling with a statement to counsel that he would give a curative instruction. Maintaining that the prejudice caused defendant by the jury's becoming aware of the existence of insurance was irremediable, counsel for defendant twice refused the offers of the presiding Justice to give a remedial instruction.

Gross, Minsky, Mogul & Singal, P. A., by David C. King, Bangor, for plaintiff.

Rudman, Rudman & Carter, by John M. Wallach, Gene Carter, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE\*, WERNICK, and ARCHIBALD, JJ.

WERNICK, Justice.

Plaintiff Nasrollah Jamshidi was injured in an automobile collision occurring in Orland, Maine on April 21, 1973. On July 19, 1973 plaintiff instituted in the Superior Court (Hancock County) a civil action against defendant Havener F. Bowden, Jr., to recover damages for his personal inju-

Whether a mistrial should be ordered when insurance coverage comes to the attention of the jury in a civil action seeking to impose liability for tortious conduct is, generally, left to the sound discretion of the presiding Justice. *Trumpfeller v. Crandall,* 130 Me. 279, 155 A. 646 (1931); *Ritchie v. Perry,* 129 Me. 440, 152 A. 621 (1930). Mention of insurance coverage, whether deliberate or inadvertent, is usually "immaterial, prejudicial, and not admissible" in negligence cases, *Deschaine v. Deschaine,* 153 Me. 401, 407, 140 A.2d 746 (1958). Yet, this Court has

". . . never gone so far as to hold that the mere fact that the jury may know of insurance is in itself a reason for ordering á mistrial." *Beaudoin v.*

---

\* WEATHERBEE, J., sat at argument but died before the opinion was adopted.

*W. F. Mahaney, Inc.,* 131 Me. 118, 121, 159 A. 567, 569 (1932)

Instead, in a number of cases involving the introduction of evidence that defendant was insured we have held that the trial Justice did not abuse his discretion by denying a motion for a mistrial, striking the reference to insurance and cautioning the jury that the subject is immaterial to their deliberations. *Carver v. Lavigne,* 160 Me. 414, 205 A.2d 159 (1964); *Beaulieu v. Tremblay,* 130 Me. 51, 153 A. 353 (1931); *Beaudoin v. W. F. Mahaney, Inc.,* 131 Me. 118, 159 A. 567 (1932); *Trumpfeller v. Crandall,* 130 Me. 279, 155 A. 646 (1931). Cf. *McCann v. Twitchell,* 116 Me. 490, 102 A. 740 (1917).

■ Similarly, in the instant case, we cannot say that a mistrial was required solely because defendant made an inadvertent reference to insurance.

The law's concern to prevent the jury from becoming aware of the existence, or non-existence, of liability insurance coverage derives from the dual considerations of fairness and deterrence. When insurance is mentioned in a case by deliberate misconduct, a mistrial often may be effective as the device calculated to assist in preventing the recurrence of such misconduct in other cases. When, however, the matter of insurance is introduced through inadvertent mistake, as here, and the evil to be remedied is the likelihood that there will be prejudice in the jury's verdict, a curative instruction can often be sufficient to avert the danger. *Carver v. Lavigne,* supra.

In the instant situation we are satisfied that a curative instruction was appropriate. Accordingly, we look upon defense counsel's decision to stake his all on being right in his claim of the necessity for a mistrial, and his consequent refusal to agree to a curative instruction by the presiding Justice, as a tactical choice by which he assumed the risk of being wrong. Hence, defendant may not now complain, on appeal, of potential prejudice resulting from his own trial tactics.

A second contention by defendant is that the damages are excessive.

■ Defendant believes it significant to show excessive damages that only $1,600.00 of the $12,000.00 damages awarded were attributable to actual expenses such as medical and dental care and car-related expenses. However, marked disparity between actual expenses incurred and the total damages awarded will only rarely, if ever, provide a *per se* basis for holding damages excessive. *Isaacson v. Husson College,* Me., 332 A.2d 757 (1975).

The principle of general guidance is that an appellate tribunal will disturb an award of damages only when it is plain that there is no rational basis upon which the amount of the award may be supported. *Baston v. Thombs,* 127 Me. 278, 143 A. 63 (1928). Here, taking the evidence in the light most favorable to plaintiff, we conclude that there was rational warrant for the jury's award of damages.

■ The collision had caused plaintiff to hit his head on the steering wheel of his car, and he suffered immediate numbness of his face and bleeding of his mouth. Plaintiff spent the night of the collision at a hospital, although at that time he received no treatment. Later, plaintiff went to a dentist who pulled four front teeth which had been injured and loosened in the accident.

Shortly thereafter, plaintiff, a student at the Maine Maritime Academy, left on the school's annual two month training cruise. For a month, plaintiff suffered pain and constant dizziness which, combined with his loss of teeth, kept plaintiff's activity aboard ship to a minimum. Plaintiff also had difficulty eating and talking. During the cruise, plaintiff was extremely embarrassed by his appearance and, as a result, experienced difficulty on oral examinations

and in personal relations with his teachers —all of which caused his grades to suffer.

Three and one half months after the loss of his teeth, plaintiff finally received a bridge for his teeth. After about five months the bridge fractured and replacement was required. This process again caused plaintiff to be without his front teeth, this time for six weeks. Plaintiff continues to avoid using his "new" front teeth to bite because he remains fearful that the bridge will again fracture.

In addition to the pain, suffering, embarrassment and permanent loss of four natural teeth, the actual expenses of and medical treatment came to $1,600.00.

In light of all the circumstances we are satisfied that the jury's award of $12,000.-00 was within the bounds of rationality and, should not be disturbed on appeal.

The entry is:

*Appeal denied.*

POMEROY, J., did not sit.

DELAHANTY, J., did not sit.

All Justices concurring.