**UNIVERSAL ALUMINUM CORP.**

v.

**PORT CITY GLASS, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1989.

Decided July 17, 1989.

**1102**

Udell Bramson, Portland, for plaintiff.

Seth Berner, Portland, for defendant.

Before McKUSICK, C.J., and
WATHEN, GLASSMAN, CLIFFORD,
HORNBY and COLLINS, JJ.

WATHEN, Justice.

Following a jury waived trial, defendant Port City Glass, Inc. appeals from a judgment of the Superior Court (Sagadahoc County, *Brodrick, J.*) awarding damages in the amount of $26,064.93 to plaintiff Universal Aluminum Corp. and damages to defendant in the amount of $8,150.00 on its counterclaim. Defendant argues on appeal that the trial justice's award of damages to plaintiff is unsupported by the evidence. Defendant also argues that the trial justice erred in failing to award defendant the full damages sought in its counterclaim. We affirm the judgment.

The facts as developed at trial may be briefly summarized as follows: B.T. Construction Co., [B.T.] solicited defendant's estimate for replacement windows required for the conversion of a warehouse to a motel. Defendant, in turn, solicited bids from three suppliers and accepted plaintiff's bid because plaintiff agreed to specified delivery requirements. Plaintiff delivered the bulk of the materials ordered by defendant several months late. Both defendant and B.T. incurred additional costs as a result of plaintiff's delays.

Defendant argues on appeal that the trial justice's award of damages on plaintiff's claim was not supported by the evidence and that the trial justice erred in excluding a portion of the damages claimed by defendant on its counterclaim. This Court has often explained that findings of fact of the trial justice must be tested under the clearly erroneous standard. *E.g. Harmon v. Emerson*, 425 A.2d 978, 981–82 (Me.1981). With specific regard to the question of damages, we have stated that "[t]he principle of general guidance is that an appellate tribunal will disturb an award of damages only when it is plain that there is no rational basis upon which the amount of the award may be supported." *Jamshidi v. Bowden*, 366 A.2d 522, 524 (Me.1976).

■ The trial justice awarded damages to the plaintiff in the amount of $26,064.96, a sum approximately $2,000 greater than the balance due on the original quote. A rational basis exists in support of this award. Although the authorization signed by defendant states that plaintiff's quote on the job is confirmed to be $84,044.00, a handwritten notation states that this figure does not include add-ons. Plaintiff's credit manager testified that the total contract price, including add-ons, was $86,064.96. A series of 52 invoices for materials delivered to defendant by plaintiff reflects a total price of $86,064.96. Defendant made an initial deposit of $30,000, and a subsequent payment of $30,000, leaving a balance due of $26,064.96, the amount of the trial justice's award to plaintiff.

■ Defendant also argues that the trial justice erred in disallowing the portion of damages sought in its counterclaim attributable to monies owed defendant by B.T. in the amount of $29,700. The trial justice found that B.T. owed Port City Glass Inc. $148,700 for the entire job, but paid only $119,000. The trial justice made no findings whether B.T. suffered financial losses as a result of any breaches by plaintiff, or whether B.T. may have a cause of action

against defendant for those losses. Defendant contends that any collection effort it might make would cause B.T. to counterclaim against defendant for additional losses sustained as a result of plaintiff's late deliveries. In disallowing this element of defendant's damages, the trial justice stated, "I find that the anticipated lawsuit that Port City fears it might face if it seeks final payment on its contract with the builder is too speculative to serve as a basis for damages."

We have previously stated that "[d]amages are not recoverable when uncertain, contingent, or speculative. Damages must be grounded on established positive facts or evidence from which their existence and amount may be determined to a probability. They must not rest wholly on surmise and conjecture." *Michaud v. Steckino*, 390 A.2d 524, 530 (Me.1978). In light of this principle, the trial justice did not clearly err in excluding, as an element of defendant's damages, the $29,700 retained by B.T. Though the amount claimed by defendant is certain, the damages are not grounded on "established positive facts or evidence from which their existence ... may be determined to a probability."

The entry is:

Judgment affirmed.

All concurring.