STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-95-503

PATRICIA WALKER, individually
    and as representative

        Plaintiff

v.

MAINEGENERAL MEDICAL
CENTER, *et al.*,

        Defendants

ORDER ON POST-JUDGMENT
MOTIONS

This matter came on for hearing on the plaintiff's motion for reconsideration, motion for judgment as a matter of law or new trial, and motion for additur or new trial. Background for these motions is found in the court's order of judgment dated October 10, 2000, and the findings set forth in that order are incorporated herein. The motions will be considered separately below.

I.      **Motion for Reconsideration.**

The plaintiff's motion for reconsideration is based on its argument that the court did not specifically consider one of her arguments with regard to entry of judgment.[1] This argument focuses on the wording of the verdict form and application of M.R. Civ. P. 49(b) with regard to whether there was an inconsistency

---

[1] Plaintiffs also argue that the judgment was contrary to the jurors' intent, based upon contacts with and affidavits from members of the trial jury. Consideration of such contacts and affidavits is specifically prohibited, as pointed out in the court's order of October 10, 2000, by *Taylor v. LaPomard*, 702 A.2d 685, 687 (Me. 1997); *Cyr v. Michaud*, 454 A.2d 376, 1383 (Me. 1983). Therefore, this issue will not be considered. The propriety of such informal polling of members of the jury is also not considered in this order.

1

between the general verdict and the interrogatories included in the form. Specifically, plaintiffs point out that in interrogatories 2 and 4 -- referring to liability of Dr. Omsberg and MaineGeneral Medical Center -- the term "death" is used, while in question 5 -- the precursor question for comparative negligence -- the term "injuries" is used. The court finds that these terms are included within each other and that for purposes of the verdict form they constitute a distinction without a difference. For this reason, the motion to reconsider will be denied.

II.     Motion for Judgment as a Matter of Law or New Trial.

At the conclusion of the trial, both defendants requested an instruction on comparative negligence. The plaintiffs made a general objection to this instruction arguing that there was insufficient evidence to generate comparative negligence as an issue in the trial, but without distinguishing between the two defendants. The jury subsequently found that Dr. Omsberg had deviated from the applicable standard of care but that the deviation was not a proximate cause of Ralph Walker, Jr.'s death, thereby eliminating liability on the part of Dr. Omsberg. However, with regard to MaineGeneral, the jury found both deviation and proximate cause and that Ralph Walker, Jr. was also negligent.

The plaintiffs now argue vigorously that the comparative negligence issue vis-a-vis Ralph Walker, Jr. and MaineGeneral should never have been presented to the jury. The plaintiffs point to the decision of the Federal District Court in *Harvey v. Mid-Coast Hospital*, 36 F.Supp.2d 32 (D.Me. 1999) and their analysis that no possible negligence on the part of Ralph Walker, Jr. could have occurred after the

2

time that he was hospitalized with the infection that led to his demise. While the plaintiffs technically may have preserved the issue for appeal by their umbrella objection to the instruction, the lack of this more specialized argument at trial deprived MaineGeneral and the court of an opportunity to give more specific attention to the argument at that time. Furthermore, while the decision of Judge Carter in *Harvey* contains analysis worthy of consideration, it has no binding precedential effect.[2] In addition, as pointed out by MaineGeneral, Ralph Walker, Jr. had two operations and periods of hospitalization; one before and one after the onset of the fatal infection. Therefore, it is at least arguable that the jury could have found contributory negligence as the result of failure to follow the discharge instructions after the first hospitalization. This situation distinguishes the present case from *Harvey*. For these reasons, the motion for judgment as a matter of law will be denied.

## III.   Motion for Additur or New Trial.

The gist of plaintiffs' argument on this motion is that the damages awarded by the jury in answer to interrogatory 9 on the verdict form are grossly inadequate. The court agrees with the plaintiffs that an award of $32,000 after a finding of total

---

[2] Indeed, Judge Carter was clear that his holding was his best estimate of what our Law Court would do when faced with this issue. As stated in footnote 3 of that decision, "Here, it is unclear whether the Law Court would or would not intend comparative negligence principles to apply in a medical malpractice action so as to result in the apportionment of damages between a patient who negligently causes his or her injury and the health care provider who negligently treated the patient. There is no controlling state-law precedent on this question, and it raises important issues of state social policy best resolved by that court." Judge Carter stated that he had "seriously considered" certifying the question to the Supreme Judicial Court, but realized that it was not certifiable under the posture of that case, i.e., a motion for summary judgment.

damages of $1,476,523.40, is questionable. However, when pressed by the court as to the amount of additur the plaintiffs felt is appropriate, it was indicated that only an award of the full damages would be acceptable. What the plaintiff requests would completely reverse what the jury indicated - rightly or wrongly - was its award. The motion will be denied.

## IV. New Trial.

In both their motion for judgment as a matter of law and for additur, the plaintiffs requested in the alternative that the court order a new trial. The arguments here are more persuasive. As noted in the court's entry of judgment, the key lies in the jury's intent when it answered interrogatory 9 in the verdict form; whether the jury intended the damages reduced to $32,000 (as interrogatory 9 would literally imply) or have the total damages reduced by $32,000. After considering the totality of the circumstances, including the wording of the verdict form, the difficulty the jury demonstrated in using the form, the court's instruction concerning the use of the form, and the vast disparity between the total damages as found by the jury and the amount which purports to have been awarded, plus this court's own misapprehension of the jury's action, the court finds such opportunity for confusion and ambiguity that it must order a new trial in the interest of justice.

A remaining issue is the scope of the new trial. Plaintiffs requested that a new trial be limited to the issue of the measure of damages. Dr. Omsberg supports this position, since he was found not liable by the first trial jury, but MaineGeneral strongly objects, arguing that all issues should be back for consideration. The court

4

has reviewed those cases cited by the plaintiffs on this issue and finds no support for its position. In one case the issue of liability was not retried because the defendant conceded liability. *St. Pierre v. Houde*, 269 A.2d 538 (Me. 1970). The holding in *Roy v. Merrill*, 267 A.2d 386 (1970) is simply misstated. Finally, although issues of liability and damages are normally to be considered separately, in the case of comparative negligence/liability the liability determinations are key to the allocation of damages. For these reasons, the new trial will not be limited to the damages issues.

For the reasons stated above, the entry will be:

(1)     Plaintiff's motion for reconsideration is DENIED.
(2)     Plaintiff's motion for judgment as a matter of law is DENIED, but her motion in the alternative for a new trial is GRANTED.
(3)     Plaintiff's motion for additur is DENIED but her motion for new trial in the alternative is GRANTED.
(4)     The Clerk will return this case to the active trial list.

Dated: November __14__, 2000

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed 10/24/97  KENNEBEC  Docket No. CV-95-503
County

Action Medical Malpractice

DONALD L. GARBRECHT
LAW LIBRARY

DEC 4 2000

J. STUDSTRUP

Patricia Walker P.R. Ralph Walker Jr.  vs.  Eric Omsberg, MD and MMMC

| Plaintiff's Attorney Daniel Lilley, Esq. | Defendant's Attorney |
|---|---|
| ~~Mark X. Randall, Esq~~ ~~Karen Morgan, Esq~~ PO Box 4803 Portland Maine 04112 | -Christopher Nyhan, Esq. (Omsberg) PO Box ~~11410~~ 9546 Portland Maine 04104-3111 -George Schelling, Esq.(MMMC) PO Box 917 Bangor, Maine 04402-0917 -Sandra L. Rothera, Esq. (MMMC) |

| Date of Entry | |
|---|---|
| 10/24/97 | Complaint for Damages, filed. s/Morgan, Esq. Summons with No Service, filed. PT Scheduling Statement mailed to atty. |
| 10/24/97 | Answer of Defendant Eric Omsberg, M.D., filed. (filed on 10/23/97) s/Nyhan, Esq. |
| 10/29/97 | Acknowledgement of Service by mail, filed. s/Nyhan, Esq. |
| 11/12/97 | Corrected P.T. Statement mailed to pltfs. atty. |
| 11/17/97 | Affirmative Defenses and Answer by Dft. MMMC, filed. s/Schelling, Esq. |
| 11/24/97 | Pretrial Scheduling Statement, filed. s/Morgan, Esq. |
| 11/24/97 | Letter from attorney George Schelling requesting the court schedule a conference concerning the request for discovery in the pretrial scheduling statement. |
| 11/26/97 | EXPEDITED PRETRIAL ORDER, Alexander, J. (dated 11/25/97) Discovery to be closed by 6/1/98. This case will be placed on the non-jury trial list 30 days after close of discovery. This Order is incorporated into the docket by reference at the specific direction of the Court. Copies mailed to attys of record. |
| 12/1/97 ****** | Motion for Reconsideration of Expedited Pre-Trial Order, filed. s/Morgan, Esq. Jury Trial Fee Paid. |
| 12/2/97 | MOTION FOR RECONSIDERATION, Alexander, J. Case moved to jury list. Copies mailed to attys of record. |
| 1/5/98 | Notification of Discovery Service, filed. s/Morgan, Esq. Plaintiff's First Set of Interrogatories & Request for Production of Documents Propounded Upon Defendant Eric Omsberg, M.D., served on Christopher D. Nyhan, Esq. on 12/31/97. |