STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-105
DHM - PEN - 4/0/2002

CONSTANCE TRACY,

   Plaintiff

   v.

HANNAFORD BROTHERS CO.,

   Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

APR 3 2002

This matter is before the court on plaintiff's motion for additur or for new trial. Plaintiff filed a complaint alleging negligence on the part of the defendant in the movement of shopping carts by its employee in which she alleges defendant's employee struck plaintiff on her left heel, Achille's area, with a shopping cart. The matter was tried to a jury which rendered a verdict awarding plaintiff $8,612.61, the same amount as her medical specials. The jury awarded plaintiff nothing for permanent impairment.

Plaintiff complains that the jury verdict is inadequate arguing that since the jury found negligence and causation as to her medical bills, it must have been operating under some mistake in not awarding at least some damages for pain and suffering. Plaintiff suggests this was because of a compromised verdict, the result of introduction in evidence of plaintiff's prior claims to her other foot, or some other unknown factors.

Defendant responds that plaintiff has not presented any evidence that the jury verdict was the result of bias, prejudice or mistake of law. *C.N. Brown Co. v. Gillen*, 569 A.2d 1206 (Me. 1990). It argues that the jury could have concluded that only a part of the plaintiff's medical expenses relating in injury and awarded the balance in pain and suffering. It further argues an issue of altered gait arising from injuries to the other leg

but, more importantly, defendant argues that there are no records of medical treatment done for four months following the injury.

The striking of the plaintiff's left heel area by defendant's employee on December 24, 1997, was disputed but even plaintiff testified it was not a strike with any great force. Nevertheless, she did experience pain. In January of 1998, plaintiff's daughter was being treated by a podiatrist. Through the daughter, information was provided to plaintiff to treat the injury with physical therapy which was done. This continued for a number of months without medical examination. In May of that year, plaintiff accompanied her daughter to an appointment with the podiatrist at which time she made an appointment for an examination. As a result of the examination and diagnostic tests, the podiatrist determined that the plaintiff had suffered a bruise to an area causing a rather unusual injury to the sheath or tunnel through which a ligament or tendon in the foot traveled. It was this damage which was the subject of surgery by the podiatrist and consequent recovery by the plaintiff. The only expert, the podiatrist, attributed the injury to the tunnel to the bruise caused by the external trauma and therefore suggested that his surgery and treatment was caused by the accident. The liability issue appeared to be more seriously contested by the defendant than that of damages.

The jury could have concluded that while the costs of medical treatment were clearly caused by the accident, that the plaintiff's ability to withstand the pain and suffering for some five months was an indication of such a low level of discomfort that it did not even motivate her to make an appointment with a medical doctor. The jury could have concluded that plaintiff might not have even seen the podiatrist had she not been in attendance with her daughter for her visit to the podiatrist. The jury could have

concluded that the plaintiff's previous injuries to her other foot were indications of plaintiff's susceptibility to foot injury and thereby minimized her damages. The question before this court is whether there is no rational basis upon which the amount of the award may be supported. *Jamshaidi v. Bowden*, 366 A.2d 522 (Me. 1976).

It is the duty of the court in the case of inadequate damages to set aside the verdict if the jury disregards the evidence or acts with passion or prejudice. *Chenell v. Westbrook College*, 324 A.2d 735 (Me. 1974). In considering the jury's verdict, this court must consider the evidence in a light most favorable to the party against whom the motion to set aside the verdict is pressed. *Chenell v. Westbrook College*, at 737. While the court is constrained not to set aside a verdict unless it is apparent that the jury acted under some bias, prejudice, or improper influence or had made some mistake of fact or law, it is also true that if the court is satisfied that reasonable men will agree that the jury's finding is irrational on the basis of the evidence considered in a light most favorable to the party against whom the motion to set aside the verdict is pressed, the court is under a duty to disturb the verdict. *Chenell v. Westbrook College*, at 737.

The court's analysis of the jury verdict is this: The primary issue in this case was liability. Defendant's employee denied that she had moved the shopping carts with a lot of force or at a great rate. She testified she was pushing the maximum number of shopping carts consistent with defendant's policy. While she agreed that one cart may have come loose, it would have been moving forward at minimum force and she believes she retrieved the cart before striking the plaintiff. She saw no evidence of plaintiff's injury but felt a duty to report the complaint. Inasmuch as the jury awarded plaintiff an amount equaling her medical specials, to the penny, the court is satisfied that the jury found negligence on the part of the defendant and a causal relationship

between the bruise to her foot and being struck by the shopping cart. There was no evidence to contradict the opinion of the expert that the damage he surgically repaired was caused by the trauma and that plaintiff underwent procedures post-surgery to rehabilitate and restore her foot. There is no evidence to contradict that plaintiff suffered *some* underlying discomfort prior to the surgery and thereafter. It does not appear to this court that the jury could have concluded the liability issue and limit it to her medical specials under all the circumstances of this case notwithstanding the delay in medical treatment or the previous injuries to her other foot. Such a conclusion in the verdict could only be the result of compromise.

The *Chenell* court at 738 quotes from *Goodsell v. Seeley*, 46 Mich. 623, 10 N.W. 44 as follows:

> It is no doubt true that juries often compromise . . . and that by splitting differences they sometimes return verdicts with which the judgment of no one of them is satisfied. But this is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement. The sentiment of notion which permits this tends to bring jury trial into discredit, and convert it into a lottery.

The plaintiff suffered some discomfort. In its jury charge, the court instructs the jury that it first must decide the liability issue. Once having done that, they should consider any bodily injuries sustained and the special damages as a result. The jury is then instructed, "Second, you *should* award her reasonable compensation, to the extent proven by a preponderance, for any pain, discomfort, fear, anxiety, other mental and emotional distress, or anguish, including the loss of enjoyment of life suffered by plaintiff in the past, and that you find you can reasonably expect her to suffer in the future." (Emphasis supplied). The court must assume that the jury understood the instructions and its obligations under the law. Having found plaintiff's injuries to be the

4

result of defendant's negligence, it could not reasonably distinguish between damages

unless it compromised a highly disputed liability issue with the damages.

The entry will be:

> Plaintiff's motion for additur or for new trial is GRANTED; the court ORDERS an additur to the jury verdict of $10,000; if the defendant so agrees, judgment is entered in the amount of $18,612.61; if the defendant does not agree, the court vacates the judgment of November 15, 2001, and new trial is ORDERED.

Dated: March __12__, 2002

Donald H. Marden
Justice, Superior Court

5

| Date Filed | 5/31/00 | Kennebec County | Docket No. | CV00-105 |

Action _____ Property Negligence _____

# J. MARDEN

Constance Tracy     vs.     Hannaford Brothers, Co.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Walter F. McKee, Esq.<br>227 Water Street<br>P.O. Box 1051<br>Augusta, Maine 04330 | -Frederick F. Costlow, Esq. (6/9/00)<br>One Merchants Plaza<br>P.O. Box 2429<br>Bangor, Maine 04402-2429 |

| Date of Entry | |
|---|---|
| 5/31/00 | Complaint, filed. s/McKee, Esq.<br>Case File Notice mailed to atty.<br>Original Summons with return service made upon Hannaford Brothers, Co., filed.<br>Notice of Deposition Under M.R.Civ.P.30(b)(6), filed. s/McKee, Esq. (copy) |
| 6/9/00 | Answer and Affirmative Defenses of Defendant, filed. s/Costlow, Esq. |
| 6/12/00 | SCHEDULING ORDER, Marden, J.<br>"Scheduling Order filed. Discovery deadline is February 12, 2001."<br>Copies mailed to attys of record. |
| ------ | Notification of discovery Service, filed. s/Costlow, Esq.<br>Defendant's Objection to Plaintiff's Notice of Deposition Pursuant to<br>M.R.Civ.P. 30(b)(6) served on Walter McKee, Esq. on 6/9/00 |
| | Notification of Discovery Service, filed. s/Costlow, Esq.<br>Defendant's Request for Production of Documents Propounded to Plaintiff<br>served on Walter McKee, Esq. on 6/8/00 |
| 6/12/00 | Original summons with return service on Hannaford Bros Co on 6/1/2000 filed.<br>s/McKee Esq |
| 6/15/00 | Notification of Discovery Service, filed. s/Costlow, Esq.<br>Defendant's Interrogatories Propounded to Plaintiff served on Walter McKee,<br>Esq. on 6/13/00 |
| | Notification of Discovery Papers, filed. s/McKee, Esq.<br>Plaintiff's Objection to Defendant's Request for Production of Documents<br>served on Frederick F. Costlow, Esq. on 6/14/00 |
| 6/19/00 | Notice of discovery service filed. s/McKee Esq<br>Plaintiffs objections to defendants interrogatories served on Frederick<br>F Costlow Esq on 6/15/00 |
| 6/28/00 | Notice of discovery service field. s/McKee Esq<br>Amended notice of deposition of Hannaford Brothers Co served on<br>Frederick F Costlow Esq on 6/26/00 |